# EXHIBIT A

**Plaintiff's Complaint**

# EXHIBIT A

# EXHIBIT A



# Notice of Service of Process

**null / PRODLIAB**
**Transmittal Number: 21942653**
**Date Processed: 08/26/2020**

| | |
|---|---|
| **Primary Contact:** | Kimberly Pryor<br>JBS USA Holdings, Inc.<br>1770 Promontory Cir<br>Greeley, CO 80634-9039 |

| | |
|---|---|
| **Entity:** | JBS Tolleson, Inc.<br>Entity ID Number  3265595 |
| **Entity Served:** | JBS Tolleson, Inc. |
| **Title of Action:** | Andrew Maltz vs. JBS Tolleson, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Clark County District Court, NV |
| **Case/Reference No:** | A-20-819705-C |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 08/25/2020 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jared R. Richards<br>702-476-5900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUMM**
Jared R. Richards, Esq.
Nevada Bar No. 11254
Dustin E. Birch, Esq.
Nevada Bar No. 10517
1671 W. Horizon Ridge Pkwy, Suite 200
Henderson, NV 89012
Telephone: (702) 476-5900
Facsimile: (702) 924-0709
jared@clearcounsel.com
dustin@clearcounsel.com
*Attorneys for Plaintiff*
*Andrew Maltz*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ANDREW MALTZ, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> JBS TOLLESON, INC., a foreign corporation; SAM'S WEST, INC., a foreign corporation; DOES I through XV; and ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | CASE NO: A-20-819705-C <br><br> DEPT. NO: <br><br><br> **SUMMONS** |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW**

To THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

**JBS TOLLESON, INC.**
**c/o Corporation Service Company, Statutory Agent**
**8825 N 23rd Avenue**
**Suite 100**
**Phoenix, AZ  85021**

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the day of service, you must do the following:

1 of 2

CLEAR COUNSEL LAW GROUP
LAW OFFICES
1671 W. HORIZON RIDGE PKWY, SUITE 200
HENDERSON, NEVADA 89012
(702) 476-5900

a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Submitted by:

CLEAR COUNSEL LAW GROUP


By:___/s/ Jared R. Richards_____
    Jared R. Richards, Esq.
    Nevada Bar No. 11254
    Dustin E. Birch, Esq.
    Nevada Bar No. 10517
    1671 W. Horizon Ridge Pkwy, Suite 200
    Henderson, NV 89012
    *Attorneys for Plaintiff Andrew Maltz*

**STEVEN D. GRIERSON
CLERK OF COURT**

_____  8/18/2020
Deputy Clerk

                    Date

County Court House
200 Lewis Avenue
Las Vegas, Nevada 89155

Demond Palmer

CLEAR COUNSEL LAW GROUP
LAW OFFICES
1671 W. HORIZON RIDGE PKWY, SUITE 200
HENDERSON, NEVADA 89012
(702) 476-5900

Electronically Filed
8/17/2020 3:42 PM
Steven D. Grierson
CLERK OF THE COURT

1 **COMP**
Jared R. Richards, Esq.
2 Nevada Bar No. 11254
Dustin E. Birch, Esq.
3 Nevada Bar No. 10517
CLEAR COUNSEL LAW GROUP
4 1671 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89012
5 (702) 476-5900
(702) 924-0709, facsimile
6 jared@clearcounsel.com
dustin@clearcounsel.com
7 *Attorneys for Plaintiff ANDREW MALTZ*

**CASE NO: A-20-819705-C**
**Department 22**

8
DISTRICT COURT
9
CLARK COUNTY, NEVADA
10

11 ANDREW MALTZ, an individual,

12                              Plaintiff,

13 vs.

14 JBS TOLLESON, INC., a foreign corporation;
SAM'S WEST, INC., a foreign corporation;
15 DOES I through XV; and ROE
CORPORATIONS I through X, inclusive,
16

17                              Defendants.

CASE NO:

DEPT. NO:

**COMPLAINT**

18       Plaintiff ANDREW MALTZ (hereinafter referred to as "Plaintiff"), by and through his

19 attorneys, Clear Counsel Law Group, alleges and complains against Defendants JBS TOLLESON,

20 INC. ("JBS") and SAM'S WEST, INC. ("Sam's Club"), DOES I through XV, inclusive, and ROE

21 CORPORATIONS I through X, inclusive, jointly and severally, as follows:

22                              **THE PARTIES**

23       1.    Plaintiff is a resident of Clark County, State of Nevada.

24       2.    Upon information and belief, Defendant JBS is a resident of Arizona.

25
26       3.    Upon information and belief, Defendant Sam's Club is a resident of Arkansas.

27       4.   The true names or capacities, whether individual, corporate, association or otherwise,

28 of Defendants DOES I through XV, and ROE CORPORATIONS I through X, are unknown to

CLEAR COUNSEL LAW GROUP
50 S. STEPHANIE ST., STE 101
HENDERSON, NEVADA 89012
(702) 476-5900

CLEAR COUNSEL LAW GROUP
1671 W. HORIZON RIDGE PKWY., SUITE 200
HENDERSON, NEVADA 89012
(702) 476-5900

1  Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and

2  believes and therefore alleges that each of the Defendants, DOES II through XV, and ROE

3  CORPORATIONS I through X, are responsible in some manner for the events and happenings

4  referred to and caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will ask

5  leave of this Court to amend her Complaint, to insert the true names and capacities of DOES II

6  

7  through XV, and ROE CORPORATIONS I through X, when the same have been ascertained and

8  to join Defendants in this action.

9                          **JURISDICTION AND VENUE**

10        5.      The Eighth Judicial District Court possesses subject matter jurisdiction over this

11  matter pursuant to Article 6, Section 6 of the Constitution of the State of Nevada, and NRS 4.370,

12  

13  as Plaintiff is claiming damages which exceed $15,000.00.

14        6.      The Eighth Judicial District Court has personal jurisdiction over Defendants

15  pursuant to NRS 14.065.

16        7.      Venue is proper in the Eighth Judicial District Court pursuant to NRS 13.040.

17                          **GENERAL ALLEGATIONS**

18                          ***SALMONELLA NEWPORT***

19        8.      *Salmonella* are a form of bacteria which cause illness and disease in humans. They

20  

21  were first discovered by an American scientist named Dr. Daniel E. Salmon in 1885.

22        9.      Transmission of the *Salmonella* bacteria occurs through ingestion of contaminated

23  food and drinks.

24        10.     *Salmonella* genetic strains are divided into serotypes.  Serotyping has played an

25  important role for decades in understanding the epidemiologic and molecular characterization

26  of *Salmonella*. Today, modern genetic subtyping methods provide scientists with additional

27  information that is used to determine the serotypes and to identify, investigate, and trace outbreaks.

28

-2-

11.     State public health laboratories routinely subtype *Salmonella* isolates by serotyping.

12.     The CDC and local health departments use genetic subtyping of *Salmonella* during an outbreak to help identify the source of an outbreak.

## THE *SALMONELLA* OUTBREAK

13.     Defendant JBS is in the business of producing and selling beef products.

14.     In 2018, JBS produced and sold beef that that was contaminated with *Salmonella* of the Newport serotype.

15.     Defendant JBS has reports indicating that over 400 people tested positive with *Salmonella* linked to the Newport genetic strain that contaminated JBS's recalled beef.

16.     Defendant JBS has reports indicating that over 100 people were hospitalized with *Salmonella* linked to the genetic strain of *Salmonella* that contaminated JBS's recalled beef.

17.     As a result of the *Salmonella Newport* outbreak, JBS recalled over 12 million pounds of beef that JBS believed potentially contaminated by the *Salmonella Newport* strain.

18.     Upon information and belief, the outbreak was caused, at least in part, by JBS processing stock known to be at a higher risk of contamination and intentionally not adequately testing that stock for *Salmonella*.

## JBS'S BEEF INFECTED PLAINTIFF

19.     JBS sold beef contaminated with *Salmonella Newport* to Sam's Club.

20.     Sam's Club sold the contaminated JBS beef to Plaintiff or a member of Plaintiff's household on September 4, 2018.

21.     Plaintiff consumed the contaminated beef and became infected with *Salmonella*.

22.     Plaintiff was hospitalized on September 10, 2018 with *Salmonella* poisoning.

23.     Among other injuries, as a result of the *Salmonella* poisoning, Plaintiff suffered acute tubular necrosis ("kidney failure"), requiring hemodialysis.

CLEAR COUNSEL LAW GROUP
1671 W. HORIZON RIDGE PKWY, SUITE 200
HENDERSON, NEVADA 89012
(702) 476-5900

- 3 -

24.     The Southern Nevada Public Health Laboratory identified Plaintiff's *Salmonella* infection as *Salmonella Newport* and linked it to JBS *Salmonella* outbreak.

25.     Plaintiff was discharged from the hospital on or around September 19, 2018.

26.     The medical charges related to the hospital stay equal or exceed $121,869.00.

27.     In October 2018, Plaintiff's household received a letter from Sam's Club dated October 5, 2018, notifying the household that the household had purchased beef that had been recalled by JBS Tolleson, Inc.

28.     Plaintiff's kidneys are no longer structurally identical to their state prior to Plaintiff's ingestion of the tainted beef. Damage to the nephrons, filters, tubules, and interstitial spaces of the kidneys persist.

29.     As a direct result of the structurally damaged kidneys, caused by Plaintiff being poisoned by JBS's *Salmonella* tainted beef, Plaintiff is at a greater risk for a multitude of health concerns, including additional episodes of acute kidney injury, chronic kidney disease, inflammatory bowel disease, high blood pressure, decreased kidney function, end-stage renal disease requiring dialysis or transplant, and premature death.

30.     As a result of said injuries, Plaintiff received reasonable and necessary medical treatment and engaged the services of physicians to care for and treat said injuries.

31.     As a result of said injuries, Plaintiff will require future care.

32.     Plaintiff has suffered damages in an amount in excess of $15,000.00.

33.     Plaintiff has been required to retain the services of Clear Counsel Law Group to prosecute this action and is entitled to reasonable attorneys' fees and costs.

## FIRST CAUSE OF ACTION
### (Product Defect – All Defendants)

34.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

CLEAR COUNSEL LAW GROUP
1671 W. HORIZON RIDGE PKWY, SUITE 200
HENDERSON, NEVADA 89012
(702) 476-5900

35. Defendant JBS and/or its agents, manufactured, processed and sold beef that was contaminated with *Salmonella Newport*.

36. The *Salmonella Newport* contamination made the subject beef defective and unreasonably dangerous.

37. The defect existed at the time it left JBS's control.

38. Sam's Club acted as a retail seller of the product and locally sold the defective beef to Plaintiff's household.

39. The defect existed at the time the beef was sold to Plaintiff's household.

40. The defect caused Plaintiff's injuries.

41. As a direct and proximate result, Plaintiff suffered severe physical, mental, emotional, and spiritual trauma to his system.

42. As a proximate result of Defendants selling the tainted beef, Plaintiff was required to seek the services of physicians to care for the illness and damage caused by Plaintiff's consumption of the beef.

43. Plaintiff sustained injuries in an amount in excess of $15,000.00.

44. Plaintiff has been required to retain the services of Clear Counsel Law Group to prosecute this action and is entitled to reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Negligence against JBS)

45. Plaintiff realleges and incorporates by reference herein all prior paragraphs.

46. Defendant JBS owed Plaintiff a duty to exercise due care when purchasing, manufacturing and processing beef to that JBS believes will be consumed by the general public.

///

///

///

- 5 -

CLEAR COUNSEL LAW GROUP
1671 W. HORIZON RIDGE PKWY, SUITE 200
HENDERSON, NEVADA 89012
(702) 476-5900

47.     Defendant JBS owed Plaintiff a duty to comply to all safety statutes, laws, regulations and codes, including the application of federal and local food safety and public health statutes, laws, regulations and codes which prohibit the manufacture and sale of any food that is adulterated or otherwise injurious to health.

48.     Upon information and belief, Defendant JBS breached these by failing to adequately test stock for *salmonella*, by failing to adequately clean equipment, by failing to maintain and process stock in a way that would have prevented this outbreak.

49.     Upon information and belief, Defendant JBS is aware of the risk of *Salmonella Newport* and intentionally chose not to adequately test stock that it processed and not to take other steps reasonably necessary to prevent this outbreak.

50.     Defendant had a duty to train, supervise, and monitor its employees to ensure that its employees complied with Defendant's duties involving public safety.

51.     Defendant failed to train, supervise, and monitor its employees to ensure that its employees complied with Defendant's duties involving public safety.

52.     Defendant failed to institute proper and reasonable safety policies, procedures, and protocols to test and eliminate *salmonella* in the products which they manufactured, distributed, and sold.

53.     As a direct and proximate result of the negligence, carelessness, recklessness, maliciousness, wantonness, and willfulness of Defendant JBS, Plaintiff suffered personal bodily injuries.

54.     As a direct and proximate result of the negligence, carelessness, recklessness, maliciousness, wantonness, and willfulness of Defendant JBS, Plaintiff required medical care to treat bodily injuries sustained from the *Salmonella* poisoning.

///

CLEAR COUNSEL LAW GROUP
1671 W. HORIZON RIDGE PKWY, SUITE 200
HENDERSON, NEVADA 89012
(702) 476-5900

55.     As a direct and proximate result of Defendant JBS's actions, Plaintiff will require future medical care.

56.     Plaintiff's damages are in an amount in excess of $15,000.00.

57.     Plaintiff has been required to retain the services of Clear Counsel Law Group to prosecute this action and is entitled to reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (Negligence against Defendant Sam's Club)

58.     Plaintiff realleges and incorporates by reference herein all prior paragraphs.

59.     Defendant Sam's Club owed Plaintiff a duty to exercise due care when negotiating and purchasing beef that Plaintiff would ultimately consume.

60.     Upon information and belief, Defendant Sam's Club is a major purchaser of JBS's beef.

61.     Upon information and belief, Defendant Sam's Club is sophisticated in the beef market and knew that *Salmonella Newport* is a risk in beef producers that do not take adequate precautions.

62.     Upon information and belief, Defendant Sam's Club had sufficient market influence to insist that its beef producer adequately test beef for *salmonella*.

63.     Upon information and belief, Defendant Sam's Club put terms and conditions upon JBS when entering into purchasing agreements with JBS, but failed to insist on adequate *Salmonella* testing and elimination policies and procedures.  In doing so, Sam's Club failed in its duty to Plaintiff to exercise due care when negotiating and purchasing beef that Plaintiff would ultimately consume.

64.     Upon information and belief, Defendant Sam's Club is aware of the risk of *Salmonella Newport* and intentionally chose not to adequately test the meat products that were sold in their stores and not to take other steps reasonably necessary to prevent this outbreak.

65.     Defendant had a duty to train, supervise, and monitor its employees to ensure that its employees complied with Defendant's duties involving public safety.

66.     Defendant failed to train, supervise, and monitor its employees to ensure that its employees complied with Defendant's duties involving public safety.

67.     Defendant failed to institute proper and reasonable safety policies, procedures, and protocols to test and eliminate *salmonella* in the products which they sold to the public.

68.     As a direct and proximate result of Sam's Club's negligence, Plaintiff suffered personal bodily injuries.

69.     As a direct and proximate result of Sam's Club's negligence, Plaintiff required medical care to treat the bodily injuries he sustained from the *Salmonella* poisoning.

70.     As a direct and proximate result of Sam's Club's negligence, Plaintiff will require future care.

71.     Plaintiff's damages as a result of pain and suffering are in an amount in excess of $15,000.00.

72.     As a direct and proximate result of the negligence, carelessness, recklessness, maliciousness, wantonness, and willfulness of Defendant JBS, as evidenced by their violation of national safety standards, Plaintiff was hospitalized.

73.     Plaintiff has been required to retain the services of Clear Counsel Law Group to prosecute this action and is entitled to reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendants, as follows:

1.     For general damages in an amount in excess of $15,000.00, the exact amount of which to be determined at trial;

///

CLEAR COUNSEL LAW GROUP
1671 W. HORIZON RIDGE PKWY, SUITE 200
HENDERSON, NEVADA 89012
(702) 476-5900

- 8 -

2.      For special damages in an amount in excess of $15,000.00, the exact amount of which to be determined at trial;

3.      For punitive damages, if applicable;

4.      For interest at the legal rate;

5.      For costs of suit incurred herein;

6.      For reasonable attorney fees;

7.      For such other and further relief as the Court may deem just and proper.

DATED this 17th day of August 2020.

CLEAR COUNSEL LAW GROUP

/s/ Jared R. Richards

_____

Jared R. Richards, Esq.
Nevada Bar No. 11254
Dustin E. Birch, Esq.
Nevada Bar No. 10517
Clear Counsel Law Group
1671 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89012
*Attorneys for Plaintiff ANDREW MALTZ*

- 9 -